UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLINK CORP., <br><br> Plaintiff, <br><br> v. <br><br> MANAFLEX LLC; ROBERT C. LANE; and AUGUSTO E. BARTON, <br><br> Defendants. | Case No. 23-cv-04231-HSG <br><br> **ORDER GRANTING CELLINK CORP.'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> Re: Dkt. No. 95 |

Pending before the Court is Plaintiff CelLink Corp.'s motion for leave to file an amended complaint. Dkt. No. 95 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and deems it submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

## I.     BACKGROUND

On August 18, 2023, Plaintiff filed suit against Defendant Manaflex LLC ("Manaflex") alleging patent infringement and trade secret misappropriation. *See* Dkt. No. 1. Plaintiff owns U.S. Patent No. 11,116,070 (the "'070 Patent"), which covers "new methods of forming interconnect circuits that provide new designs and functionalities of these circuits." *Id*. ¶ 28. Plaintiff alleges that Manaflex manufactures products using the method(s) claimed in the '070 Patent. *Id*. ¶¶ 26–34. Plaintiff also accuses Manaflex of trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1836. As alleged in its complaint, Plaintiff allegedly disclosed trade secrets regarding "innovative fabrication and manufacturing techniques . . . critical to achieving [Plaintiff's] best-in-class battery optimization and efficiency" to Robert Lane and Augusto Barton, former Tesla employees, pursuant to a mutual non-disclosure agreement executed

on April 16, 2016 ("MNDA"). *Id.* ¶¶ 38–43. Plaintiff alleges that in April 2016, it "approached Tesla to discuss [Plaintiff's] unique product capabilities," and in October 2015, Tesla contacted Plaintiff to discuss Tesla's "interest in using [Plaintiff's] flex circuits in battery arrays that Tesla was designing for its next-generation battery modules." *Id.* ¶¶ 5–9. Messrs. Lane and Barton, then Tesla employees, allegedly participated in at least the October 2015 discussion between Tesla and CelLink. *Id.* Plaintiff alleges that the MNDA was executed in April 2016, after Plaintiff "informed Tesla that [Plaintiff] would no longer be able to work with Tesla without an executed mutual NDA." *Id.* ¶¶ 8–9. By August 2018, Mr. Lane left Tesla and founded Manaflex. *Id.* Mr. Barton joined Manaflex as a Director of Engineering in December 2022. *Id.* ¶ 13. Plaintiff alleges that Messrs. Lane and Barton "received CelLink's trade secrets while they were Tesla employees and bound by the April 2016 MNDA" and took "CelLink's manufacturing and processing trade secrets and are using them at Manaflex." *Id.* ¶¶ 41–42.

Manaflex filed its answer and counterclaims on November 15, 2023. Dkt. No. 37. Plaintiff moved for partial dismissal of Manaflex's state law counterclaims on December 12, 2023, and the Court granted that motion May 28, 2024. Dkt. Nos. 44, 70. Manaflex filed its answer and amended counterclaims on June 18, 2024. Dkt. 73. Plaintiff moved to dismiss Manaflex's amended unfair competition counterclaim on July 9, 2024, and that motion remains pending. Dkt. Nos. 74, 84, 89.

On August 16, 2024, Plaintiff filed a notice of withdrawal and substitution of counsel notifying the Court that Plaintiff had retained Haynes and Boone, LLP to replace Orrick, Herrington & Sutcliffe LLP as counsel. Dkt. No. 92.

On September 9, 2024, Plaintiff filed the present motion seeking leave to amend its complaint to add Messrs. Lane and Barton as individual defendants to the trade secret misappropriation claim and add two patent infringement claims and three correction of inventorship claims against Manaflex. *See* 95-3 ("FAC"). Plaintiff's new infringement claims accuse Manaflex of infringing U.S. Patent Nos. 12,035,459 (the "'459 Patent") and 12,040,511 (the "'511 Patent"), both of which issued in July 2024. FAC ¶¶ 29–41, 46–105. Relatedly, Plaintiff's correction of inventorship claims seeks to add Kevin Coakley, Malcom Brown, Dongao

2

Yang, Michael Miller, Paul Lego and/or Paul Tsao, all of whom are named inventors of the '070 and '459 Patents,[1] as inventors of U.S. Patent Nos. 11,490,523 (the "'523 Patent"), 11,026,332 (the "'332 Patent") and 10,842,025 (the "'025 Patent") (collectively, the "Manaflex Patents"). *Id.* ¶¶ 42–45, 116–130. Mr. Lane is the sole named inventor of the Manaflex Patents, all of which are currently assigned to Manaflex. *Id.* ¶¶ 42–45. To date, no initial case management conference has taken place. Dkt. No. 56.

## II. LEGAL STANDARD

"[A] party may amend its pleading . . . with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave to amend when justice so requires." *Id.*; *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). The five factors relevant to assessing whether leave should be granted are: (1) bad faith or dilatory motive on the part of the movant, (2) undue delay, (3) undue prejudice to the opposing party by virtue of allowing the amendment, (4) futility of amendment, and (5) repeated failure to cure deficiencies by amendments previously allowed. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). The Court weighs prejudice to the opposing party most heavily. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## III. DISCUSSION

"Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiff seeks to amend its complaint to add five new claims against Manaflex—two patent infringement claims and three correction of inventorship claims—and add Messrs. Lane and Barton as individual defendants to Plaintiff's trade secret misappropriation claim. *See* FAC ¶¶ 60–130. Plaintiff argues its motion should be granted because the "case is at its earliest stages," the

---

[1] Dongao Yang and Michael Miller are not named inventors of the '511 Patent.

3

amendment is timely, and Defendants will not be prejudiced. Mot. at 13. Defendant argues that Plaintiff's amended complaint "appear[s] to be an ill-designed litigation tactic" that would result in "undue delay" and prejudice to Defendants. Dkt. No. 97 ("Opp.") at 4–8. The Court finds that Defendants Manaflex, Robert Lane and Augusto Barton (collectively, "Defendants") will not be unduly prejudiced by Plaintiff's amendments, and Defendants have not shown that any of the *Foman* factors strongly weigh against the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

### A. Granting Plaintiff Leave To Amend Will Not Prejudice Defendants

Of the five *Foman* factors, "prejudice to the opposing party [] carries the greatest weight." *Eminence*, 316 F.3d at 1052 ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'"). Defendants carry the burden of showing Plaintiff's proposed amendments are unduly prejudicial. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). Here, Defendants have not shown they will be unduly prejudiced by Plaintiff's amendments.

#### i. Manaflex Will Not Be Prejudiced By Plaintiff's New Patent Infringement and Correction of Inventorship Claims

Defendants argue that Plaintiff "could have brought each of the[] five causes of action last August" and Plaintiff "points to no new facts explaining the need to add those claims now." But "[t]he mere fact that an amendment is offered late in the case . . . is not enough to bar it." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Additionally, as Plaintiff notes, the '459 and '511 Patents only issued on July 9 and July 16, 2024, respectively. Plaintiff therefore could not have brought claims for infringement of the '459 and '511 Patents before July 2024.

With respect to Plaintiff's two new infringement claims, Manaflex argues it will be prejudiced because Plaintiff represented it would drop its '070 Patent infringement claim in January 2024, and "there was no way that Manaflex could have expected the '070 [P]atent to remain and two new patents [to] be added." Opp. at 8. Manaflex's claim of surprise and prejudice is unpersuasive. In January 2024, the parties filed a joint case management statement in which Plaintiff stated it "anticipate[d] seeking Manaflex's consent to add infringement allegations as to

4

one or more other patents that CelLink expects to issue in the near term," Dkt. No. 48 at 8, and Defendants do not dispute that "Manaflex . . . kn[e]w[] of [Plaintiff's] intent to add additional patent claims."[2]  Mot. at 7; *see also* Opp. at 6 n.1.  *See Magana-Munoz v. W. Coast Berry Farms, LLC*, No. 5:20-CV-02087-EJD, 2022 WL 4112363, at *2 (N.D. Cal. Sept. 8, 2022) (finding the addition of a new defendant and additional claims were not a surprise, as "Defendant ha[d] known of Plaintiffs' intent to add [new defendant] and the additional claims").

Manaflex also argues that allowing Plaintiff to add two new patent infringement claims will require the parties to "re-do their discovery requests and objections to discovery requests" and "start from scratch on the schedule."  Opp. at 8.  But the case remains at early stage, as evidenced by the fact that the parties have not served any contentions, a case schedule has not been entered, minimal fact discovery has taken place and the parties are continuing to negotiate ESI discovery.  *See* Mot. at. 3–4; Opp. at. 7–8.  Given the early stage of the case, "the expansion . . . due to the addition of new causes of action is not inherently prejudicial . . . ."  *McEvoy v. ChanceLight Educ.*, Case No. 24-cv-00270-HSG, 2024 WL 3957207, at *1 (N.D. Cal. Aug. 27, 2024); *see also Robertson v. Bruckert,*v 568 F. Supp. 3d 1044, 1048 (N.D. Cal. 2021) ("[W]hen discovery is ongoing and there is no unfair surprise . . . neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice.").  *Cf. Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 WL 5027986, at *6 (N.D. Cal. Aug. 25, 2015) (explaining undue prejudice may be found where parties "'engaged in voluminous and protracted discovery' prior to amendment").

Manaflex argues it will be prejudiced by the addition of Plaintiff's correction of inventorship claims, because the addition of the Manaflex Patents may require additional claim

---

[2] Manaflex argues Plaintiff "did not provide the patent numbers [of the '459 and '511 Patents] until recently," but notably, Manaflex does not allege that it ever asked Plaintiff to provide that information.  Manaflex's assertions of prejudice based on Plaintiff's continued assertion of the '070 Patent are also unpersuasive.  Manaflex cannot claim to be surprised by Plaintiff's continued assertion of the '070 Patent when its own counterclaims would have required the continued litigation of the '070 Patent.  *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017) ("[Plaintiff's] proposed amendments, while expanding the scope of discovery and of the case, hardly present new theories of liability that take [Defendant] by surprise.").

5

construction. *See* Opp. at 8. The Court is not persuaded. Manaflex does not explain why it believes additional claim construction would be necessary or how much additional fact and expert discovery it believes would be required, and does not otherwise identify any tangible prejudice to Defendants. At this juncture, the Court cannot say that additional claim construction, to the extent it will be required, establishes prejudice sufficient to deny leave to amend. *See Slavkov v. Fast Water Heater Partners I, LP*, No. 14-CV-04324-JST, 2015 WL 5071933, at *3 (N.D. Cal. Aug. 27, 2015) ("Mere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend."). There is also considerable overlap in the factual disputes underlying Plaintiff's trade secret misappropriation and correction of inventorship claims, further suggesting Manaflex will not be prejudiced by Plaintiff's amendment. *See* Mot. at 6 ("This taking of CelLink's trade secrets—and then publishing them in Manaflex's own patents—is also the basis of the correction of inventorship that CelLink seeks now."). Any prejudice to Manaflex is minimal. Plaintiff's newly added infringement and correction of inventorship claims arise from the same facts set forth in the original complaint, and "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery . . . in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010).

    **ii.** **Defendants Will Not Be Prejudiced By The Addition Of Messrs. Lane And Barton As Defendants To Plaintiff's Trade Secret Misappropriation Claim**

Defendants argue that Manaflex will be "prejudiced by Mr. Barton's entrance into the case as a party" because "Mr. Barton's interests . . . . must [now] be addressed as well as Manaflex's and CelLink's interests." Opp. at 8. But Defendants do not explain how the consideration of Mr. Barton's interests is necessarily prejudicial to Manaflex or Mr. Lane. Further, the addition of Messrs. Barton and Lane does not change the scope or substance of Plaintiff's trade secret misappropriation claim. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("The County would not be prejudiced, because it should be 'fully prepared to litigate the substantive issues' of the claim, given that both the theory and the operative facts of the claim remain the same."); *Gregg*, 2024 WL 2304564, at *2 ("While the Court appreciates that the demands of litigation impose burdens on each party, the attendant

6

prejudice to the proposed individual defendants in this case is not undue.").

B. **Defendants Have Not Made A Strong Showing Of Any Of The Remaining *Foman* Factors**

"Given the absence of prejudice, there must be a strong showing of other *Foman* factors to overcome Rule 15's strong presumption in favor of granting leave to amend." *McEvoy*, 2024 WL 3957207 at *1. Defendants have not made any such showing.

Defendants argue Plaintiff has pursued this litigation in bad faith, emphasizing Plaintiff's decision to move forward with its infringement claim for the '070 Patent, its past "threats . . . to go to the ITC" and its lack of "explanation for why—a year after filing the lawsuit—it seeks to add Robert Land and Augusto Barton as defendants." Opp. At 5–6. None of these actions show that Plaintiff acted in bad faith. That Plaintiff ultimately decided not to withdraw its '070 Patent infringement claim is not necessarily proof of bad faith, particularly when Manaflex maintained its counterclaims for invalidity and unenforceability of the '070 Patent. *See supra* Section III.A.i. Similarly, that the amended complaint "cites no new factual allegations specific to conduct by either Lane or Barton" does not suggest Plaintiff acted in bad faith. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2019 WL 95927, at *2 (N.D. Cal. Jan. 3, 2019) ("[Plaintiff's] bad-faith contention is entirely derivative of its futility claims. Because the Court finds that amendment would not be futile, as noted above, it therefore rejects [Plaintiff's] claim that [Defendant] proposes the amendment in bad faith.").

Defendants also argue that Plaintiff's amended complaint "will add undue delay." Opp. at 6. Defendants misstate and misapply the undue delay factor. The focus of this factor is not whether an amendment will "add undue delay" but whether the moving party unduly delayed in seeking amendment. *See Chang v. Cashman*, 723 F.Supp.3d 772, 782 (N.D. Cal. 2024) ("As to the undue delay factor, the 'inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings.'"). Defendants have not shown Plaintiff unduly delayed in seeking to amend its complaint. As the Court has already explained, Plaintiff could not have alleged infringement of the '459 and '511 Patents before July 2024. *See supra* Section

III.A.i. Given the overlapping factual disputes between Plaintiff's patent infringement, correction of inventorship and trade secret misappropriation claims, Plaintiff's decision to amend its complaint after the issuance of the '459 and '511 Patents does not necessarily show Plaintiff unduly delayed in seeking leave to amend.

Defendants further argue Plaintiff's proposed amendments are futile, because Plaintiff's amended complaint does not allege "what CelLink conceived of in the Manaflex patent claims[] and who actually conceived it," "that Manaflex knew of [the '459 and '511 Patents] before it manufactured its products" or why "Mr. Barton is liable for any trade secret misappropriation." Opp. at. 5–9. The Court is not persuaded. Courts rarely deny leave to amend on grounds of futility and instead "generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Gregg v. Monastery Camp*, No. 23-CV-02760-AMO, 2024 WL 2304564, at *2 (N.D. Cal. May 21, 2024). Here, Defendant's cursory assertions of futility do not show that "no set of facts can be prove[n] under the amendment. . . constitut[ing] a valid and sufficient claim." *Id*.; *see also MagTarget LLC v. Saldana*, No. 18-CV-03527-JST, 2019 WL 1904205, at *3 (N.D. Cal. Apr. 29, 2019) (declining to deny leave to amend based on the amendment's purported futility); *Chang*, 723 F. Supp. 3d at 782 (finding factual disputes were "not ripe for resolution on a motion for leave to amend" and the alleged futility of plaintiff's amendment was therefore "not a basis on which th[e] [c]ourt may deny leave to amend"); *Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D.Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). The Court declines to rule of the merits of Plaintiff's amended complaint at this time.

In sum, none of the *Foman* factors weigh against Rule 15's strong presumption in favor of granting leave to amend. *McEvoy*, 2024 WL 3957207, at *2 ("Without evidence of prejudice or strong evidence as to the other factors, the presumption in favor of granting leave to amend applies."). To the extent Defendants seek to challenge the sufficiency of Plaintiff's trade secret misappropriation claim against Messrs. Barton and Lane or Plaintiff's correction of inventorship

8

claims, Defendants may do so via a motion to dismiss or a motion for summary judgment.

IV. **CONCLUSION**

The Court **GRANTS** Plaintiff's motion for leave to amend, Dkt. No. 95. Plaintiff shall file its first amended complaint on the docket within three days from the date of this order. The Court further **SETS** a case management conference on December 10, 2024, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities. The parties are further **DIRECTED** to file a joint case management statement by December 3, 2024.

**IT IS SO ORDERED.**

Dated: November 19, 2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge