UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CELLINK CORP.,

               Plaintiff,

     v.

MANAFLEX LLC, et al.,

               Defendants.

Case No. 23-cv-04231-HSG

**ORDER GRANTING DEFENDANTS
MANAFLEX LLC, ROBERT LANE,
AND AUGUSTO BARTON'S MOTION
TO DISMISS**

Re: Dkt. No. 121

Pending before the Court is Defendants Manaflex LLC ("Manaflex"), Robert Lane, Augusto Barton's (collectively, "Defendants") motion to dismiss Counts IV and VII-IX of Plaintiff CelLink Corp.'s ("CelLink") First Amended Complaint ("FAC"). Dkt. No. 121 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and takes it under submission. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS** Defendants' motion.

## I.    BACKGROUND

On August 18, 2023, CelLink filed suit against Defendant Manaflex, accusing Manaflex of infringing U.S. Patent No. 11,116,070 (the "'070 Patent") and misappropriating CelLink's trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. *See* Dkt. No. 1. On September 9, 2024, CelLink moved for leave to amend its complaint. Dkt. No. 95. CelLink's FAC named Messrs. Lane and Barton as defendants to the trade secret misappropriation claim, added patent infringement claims against Manaflex for U.S. Patent Nos. 12,035,459 (the "'459 Patent") and 12,040,511 (the "'511 Patent"), and added three correction of inventorship claims against Manaflex for U.S. Patent Nos. 11,490,523 (the "'523 Patent"), 11,026,332 (the "'332 Patent") and 10,842,025 (the "'025 Patent") (collectively, the "Manaflex Patents"). Dkt. No. 106

United States District Court
Northern District of California

("FAC").  The Court granted CelLink's motion.  Dkt. No. 105.  Defendants now move to dismiss CelLink's correction of inventorship claims against Manaflex and CelLink's DTSA claim against Messrs. Lane and Barton.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  On a motion to dismiss counterclaims, the court "applies these same standard" and "constru[es] the pleadings in the light most favorable to the pleading party." *AbCellera Biologics Inc. v. Bruker Cellular Analysis*, No. 20-CV-08624-JST, 2024 WL 37213, at *3 (N.D. Cal. Jan. 2, 2024) (citation omitted).

## III.    DISCUSSION

### A.    Counts VII–IX (Correction of Inventorship) Against Defendant Manaflex

Counts VII–IX of CelLink's FAC seek to correct the inventorship of the Manaflex Patents "by adding Kevin Coakley, Malcom Brown, Dongao Yang, Michael Miller, Paul Lego and/or Paul

Tsao as named inventors" (collectively, the "CelLink Inventors").  FAC ¶¶ 116–130.  CelLink alleges that the Manaflex Patents "claim[] subject matter that was not conceived by Mr. Lane and which Manaflex obtained from discussions with [Plaintiff's] employees."  *Id.* ¶¶ 118, 123, 128.  CelLink further alleges that the Manaflex Patents "claim[] ideas conceived by [the CelLink Inventors], which were obtained by Mr. Lane through the disclosure of [Plaintiff's] [t]rade [s]ecrets."  *Id.* ¶¶ 119, 124, 129.  Manaflex moves to dismiss CelLink's correction of inventorship claims, arguing CelLink has failed to plead any of the necessary support for them.  The Court agrees with Manaflex.

"A person who alleges that he is a co-inventor of the invention claimed in an issued patent who was not listed as an inventor on the patent may bring a cause of action to correct inventorship in a district court under 35 U.S.C. § 256."[1]  *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348 (Fed. Cir. 2016)  To plead a correction of inventorship claim under § 256, a plaintiff must allege facts from which a court could infer (1) the plaintiff "made a more-than-insignificant contribution to the conception of at least one claim of the patent" and (2) "there was some element of joint behavior, such as 'collaboration or working under common direction.'"  *Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 22-cv-07148-AMO, 2024 WL 1199018, at *4 (N.D. Cal. March 20, 2024) (quotations and citation omitted).

CelLink's FAC fails to allege facts plausibly supporting an inference that any of the CelLink Inventors contributed to the inventions claimed in the Manaflex Patents.  *See Eastman v. Apple, Inc.*, No. 18-CV-05929-JST, 2019 WL 1559015, at *3 (N.D. Cal. Apr. 10, 2019) ("[A] plausible § 256 claim requires some allegation that the putative co-inventor[s] 'contribute[d] something to the claimed invention.'") (quoting *Caterpillar Inc. v. Sturman Indus., Inc.*, 387 F.3d 1358, 1380 (Fed. Cir. 2004)).  The FAC does not identify a single claim or claim limitation to which the CelLink Inventors allegedly contributed and instead parrots the elements of a correction of inventorship claim.  *See, e.g.*, FAC ¶ 118 ("The '523 Patent claims subject matter that was not

---

[1] "Section 256 addresses two types of inventorship errors—misjoinder and nonjoinder."  *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1359 (Fed. Cir. 2019).  "Misjoinder is the error of naming a person as an inventor who is not an inventor; nonjoinder is the error of omitting an inventor."  *Id.*  Here, Plaintiff seeks to remedy an alleged error of nonjoinder.

United States District Court
Northern District of California

conceived by Mr. Lane and which Manaflex obtained from discussions with CelLink employees. Lane and Barton obtained and derived some or all of this subject matter through contact with CelLink . . . ."); *see also* ¶¶ 123, 128.  While a plaintiff need not "plead [its] inventorship theories in sufficient detail to carry [its] ultimate evidentiary burden at the motion to dismiss stage[,]" more specificity is required here.  *See Eastman*, 2019 WL 1559015, at *3 ("The Court emphasizes that, in order to plead a viable claim, [plaintiff] must state the link between his alleged contributions and the 'claimed invention.'").  *Cf. Regents of Univ. of California v. Chen*, No. 16-CV-07396-EMC, 2017 WL 3215356, at *2 (N.D. Cal. July 26, 2017) (finding plaintiff's complaint provided "considerable detail regarding specific contributions made by each of the University scientists to particular methods and ideas underlying the patents . . . and further explain[ed] how these conceptions relate to specific systems claimed in" each of the patents; *Intel Corp. v. Tela Innovations, Inc.*, No. 18-CV-02848-WHO, 2019 WL 2476620, at *6 (N.D. Cal. June 13, 2019) (finding plaintiff adequately alleged a correction of inventorship claim where "paragraph 206 of the SAC lays out claim language in each patent that, according to [plaintiff], incorporates [alleged inventor's] technology").

In its opposition brief, CelLink argues that "the claims of the [Manaflex Patents] each . . . build off of [CelLink's] proprietary manufacturing processes," and assert that because its manufacturing processes were developed by the CelLink Inventors, the CelLink Inventors must have contributed to the conception of the inventions claimed in the Manaflex Patents.  Dkt. No. 123 ("Opp.") at 10.  But these allegations are not present in the FAC, and more importantly, they constitute nothing more than conclusory statements and attorney argument.  The Court need not "accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'"  *Intel Corp.*, 2019 WL 2476620, at *3 (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

CelLink's FAC also fails to allege facts from which a court could infer "some element of joint behavior."  *Fibrogen, Inc.*, 2024 WL 1199018, at *4.  Although "[j]oint inventors need not physically work together or at the same time or contribute to the subject matter of every claim of the patent . . . a plaintiff must still allege that the individuals worked together in some capacity, or

that an inventor used the other inventor's materials." *Id*. at *5. CelLink argues that its FAC "provides specific factual allegations that Defendant Lane expressed an interest in obtaining information regarding CelLink's proprietary manufacturing processes during 2014–15" and that "Defendant Lane was at Tesla when CelLink [] eventually shared its confidential information with Tesla." Opp. at 12. That is not enough. Even accepting as true that CelLink shared "confidential and trade secret information with Tesla," the Court cannot draw the reasonable inference that Mr. Lane worked with the CelLink Inventors in some capacity or used the CelLink Inventor's materials. *See Fibrogen, Inc.*, 2024 WL 1199018, at *5 (dismissing correction of inventorship claims where the complaint "allege[d] only that [alleged joint inventor] provided 'assistance' and 'confidential information' to [named inventor], but fail[ed] to include any factual allegations showing that [named inventor] observed research or learned about the specific compounds at issue or that any meetings, emails, or phone calls were ever exchanged between [alleged joint inventor] and [named inventor]").

CelLink's allegations that Mr. Barton "directly observed CelLink's confidential and proprietary manufacturing processes from CelLink's factory floor" and "later worked with [Mr. Lane] to secure" the Manaflex Patents, Opp. at 12, are also insufficient to plead "some element of joint behavior." *Fibrogen, Inc.*, 2024 WL 1199018, at *5. Mr. Barton is not named as an inventor on the Manaflex Patents. Additionally, the patent applications that ultimately issued as the Manaflex Patents were all filed in June 2020, but Mr. Barton did not join Manaflex until December 2022. FAC ¶¶ 14, 43–45. That Mr. Barton "directly observed CelLink's . . . proprietary manufacturing process from CelLink's factory floor" does not suggest that Mr. Lane, the sole named inventor of the Manaflex patents, collaborated with the CelLink Inventors in some capacity.

Plaintiff has failed to plausibly allege a correction of inventorship claim against Manaflex. The Court therefore dismisses Counts VII–IX.

## B.    Count IV (Trade Secret Misappropriation) Against Defendants Lane and Barton

Defendants move to dismiss CelLink's trade secret misappropriation claims against

United States District Court
Northern District of California

1  Messrs. Lane and Barton, arguing (1) the claims are time-barred and (2) CelLink has failed to

2  allege facts sufficient to support its claims.

3                    **i.    Statute of Limitations**

4         Defendants argue that CelLink's trade secret misappropriation claims against Messrs. Lane

5  and Barton are time-barred.  Defendants argue that Manaflex's '025 Patent issued and was

6  published on November 17, 2020, "constitut[ing] notice under the DTSA definition of trade secret

7  'disclosure[,]'" such that CelLink's deadline to bring trade secret misappropriation claims against

8  Messrs. Lane and Barton was November 17, 2023.  Mot. at 13.  CelLink argues that "authority

9  militates against resolving Defendants' statute of limitations defense at the pleading stage."  Opp.

10  at 15.  The Court agrees with CelLink.

11        "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the

12  applicable statute of limitations only when the running of the statute is apparent on the face of the

13  complaint."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.

14  2010) (internal quotation marks and citation omitted).  "[A] complaint cannot be dismissed unless

15  it appears beyond doubt that the plaintiff can prove no set of facts that would establish the

16  timeliness of the claim."  *Id.* (citation omitted).  Here, CelLink's FAC makes sufficient allegations

17  with respect to the claimed timeless of its trade secret misappropriation claims.

18        CelLink alleges facts suggesting it did not discover Messrs. Lane and Barton's alleged

19  misappropriation until the spring of 2023.  *See, e.g.*, FAC ¶ 15 ("In the Spring of 2023, CelLink

20  learned that one of its new US-based electric vehicle customers was considering transferring a

21  CelLink flex circuit design to Manaflex.").  That is enough at the motion to dismiss stage.  *See*

22  *HarcoSemco, LLC v. Herber Aircraft Serv. Inc.*, No. 2:23-CV-02717-AB-MAAX, 2024 WL

23  1135105, at *4 (C.D. Cal. Feb. 15, 2024) (denying motion to dismiss where plaintiffs alleged facts

24  supporting their discovery of the alleged misappropriation at a time after the patent issued); *Javo*

25  *Beverage Co. v. California Extraction Ventures, Inc.*, No. 19-CV-1859-CAB-WVG, 2019 WL

26  6467802, at *3 (S.D. Cal. Dec. 2, 2019) (holding that "because it is not apparent on the face of

27  [plaintiff's] complaint that its claims are time barred it is not [plaintiff's] burden to specifically

28  plead the inability to have made an earlier discovery").  Additionally, there is no alleged

1  relationship between CelLink and any of the Defendants to suggest CelLink had any reason to

2  monitor the activities of Manaflex or Messrs. Lane and Barton. "[I]t would be unreasonable to

3  require a company that consciously chooses the proprietary trade secret route over the patent

4  protection route to devote significant time and resources searching for any relevant patents within

5  its industry that could potentially lead to some cognizable legal claim when it has no basis to

6  suspect some wrongdoing." *Javo Beverage Co.*, 2019 WL 6467802, at *3.

7       Defendants rely on five cases in arguing that the publication and issuance of Manaflex's

8  '025 Patent constituted constructive notice that bars CelLink's claims against Messrs. Lane and

9  Barton. Mot. at 13. Only one of these cases—*Attia v. Google LLC*, 333983 F.3d 420, 425 (9th

10 Cir. 2020)—involved dismissal of the plaintiff's trade secret misappropriation claim, and the

11 dismissal there was not on statute of limitations grounds. The issue in *Attia* was whether the

12 defendant's published patent applications disclosed the plaintiff's trade secrets and therefore

13 prevented him from bringing a DTSA claim. That is not the issue here. The remaining cases on

14 which Defendants rely are (1) nonbinding, and (2) declined to dismiss trade secret

15 misappropriation claims as time barred. *See Versata Software, Inc. v. Configit A/S*, No. LA-CV-

16 20-09019-JAK-MRWX, 2021 WL 5536287, at *7 (C.D. Cal. Sept. 10, 2021) ("Taking the

17 allegations of the FAC as true, none admits that [p]laintiffs should have discovered [d]efendant's

18 patent applications more than three years before filing this action."); *Javo Beverage Co*, 2019 WL

19 6467802, at *3 ("The majority of cases relying on the issuance of a patent as constructive notice

20 were either at the summary judgment stage or later in the proceedings with sufficient evidence on

21 the record to decide this issue . . . ."); *HarcoSemco, LLC*, 2024 WL 1135105, at *4 ("Given the

22 lack of relationship with [defendant], it is not clear that [plaintiff] had any reason to monitor

23 [defendant's] public activities or investigation potential misappropriation until the events that

24 prompted this litigation occurred"); *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495 (S.D.N.Y.

25 2017) (denying plaintiff's request for a preliminary injunction after finding "information that

26 [plaintiff] alleges defendants to have misappropriated c[ould] not qualify as trade secrets").[2]

27 _____

28 [2] Although the Court declines to dismiss CelLink's DTSA claim on statute of limitations grounds
   at this stage, the publication and issuance of the Manaflex Patents will have obvious relevance to

United States District Court
Northern District of California

1    Having found CelLink has sufficiently pled the timeliness of its trade secret

2    misappropriation claim against Messrs. Lane and Barton, the Court need not determine whether

3    CelLink's amendment "relates back" to its original complaint under Rule 15(c)(1)(C).

### ii.    CelLink's Trade Secret Misappropriation Claim Against Mr. Barton

5    "To state a claim for direct trade secret misappropriation under DTSA . . . a plaintiff must

6    allege (1) that it is the owner of a trade secret; (2) that the defendant misappropriated the trade

7    secret; and (3) that it was damaged by the defendant's actions." *Navigation Holdings, LLC v.*

8    *Molavi*, 445 F. Supp. 3d 69, 78 (N.D. Cal. 2020) (quotations and citation omitted).  Under the

9    DTSA, "misappropriation means either the (1) acquisition of a trade secret by another person who

10   knows or has reason to know that the trade secret was acquired by improper means; or the (2)

11   disclosure or use of a trade secret of another without express or implied consent." *Albert's*

12   *Organics, Inc. v. Holzman*, 445 F. Supp. 3d 463, 473 (N.D. Cal. 2020).

13   Defendants argue that CelLink has not adequately pled that Mr. Barton misappropriated

14   CelLink's alleged trade secrets.  Mot. at 14 ("Knowing about the trade secrets, alone, can never be

15   enough to sustain a claim for trade secret misappropriation against Mr. Barton, individually.").

16   Defendant contends that "CelLink [] fails to identify any role that Mr. Barton could have had in

17   the alleged June 2020 misappropriation, long before he began to work with Mr. Lane and

18   Manaflex."  *See* Mot. at 14.  CelLink counters that its FAC "specifically alleges that Defendants

19   Lane and Barton worked together to secure the '921 Patent, thereby misappropriating CelLink's

20   trade secrets in the process."  Opp. at 18.  But nowhere in the FAC does CelLink allege that

21   "Defendants Lane and Barton worked together behind closed doors to secure the '921 Patent." *Id*.

22   More importantly, the FAC is devoid of any *factual* allegations suggesting Messrs. Lane and

23   Barton worked together to secure the '921 Patent.  The paragraphs of the FAC on which CelLink

24   relies constitute nothing more than conclusory statements and unreasonable inferences, which the

25   Court is not required to accept as true.  *See, e.g.*, FAC ¶¶ 110 ("Not only were several aspects of

26

27   ────────────────

28   the issue of constructive notice as the case progresses.  *See Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991) ("[I]ssuance of a patent and recordation in the Patent Office constitute notice to the world of its existence.") (citation omitted).

1  CelLink's manufacturing techniques disclosed to Tesla, Mr. Lane, and Mr. Barton . . . ."), 113

2  ("Lane and Barton received CelLink's trade secrets while they were Tesla employees . . . ."), 114

3  ("Messrs. Lane and Barton have knowingly and willfully taken CelLink's manufacturing and

4  processing trade secrets and are using them at Manaflex.").

5        While CelLink has sufficiently pled Mr. Barton's knowledge of the alleged trade secrets, it

6  has not sufficiently pled that he misappropriated them. *See Flexpand, LLC v. CREAM, Inc.*, No. C

7  19-0878 SBA, 2020 WL 13504973, at \*6 (N.D. Cal. June 16, 2020) ("What is lacking, however,

8  are any facts regarding the alleged disclosure; to wit, how and to whom the purported trade secrets

9  were disclosed."); *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658 RMW, 2010 WL

10  2228936, at \*15 (N.D. Cal. June 1, 2010) ("[P]laintiffs have failed to allege facts providing a

11  reasonable basis for inferring that [defendant] improperly disclosed or used plaintiffs' trade secrets

12  and thus have failed to 'raise a right to relief above the speculative level.'") (citation omitted);

13  *Alert Enter., Inc. v. Rana*, No. 22-CV-06646-JSC, 2023 WL 2541353, at \*2 (N.D. Cal. Mar. 16,

14  2023) (finding that plaintiff failed to adequately plead trade secret misappropriation where there

15  were "no allegations suggesting [defendant] gave the trade secrets to [co-defendant]"). CelLink

16  has not sufficiently pled a claim of trade secret misappropriation against Mr. Barton.

17        **iii.**    **CelLink's Trade Secret Misappropriation Claim Against Mr. Lane**

18        Defendants argue that CelLink has not adequately pled that Mr. Lane had knowledge of

19  CelLink's alleged trade secrets. Mot. at 15–16 ("CelLink does not identify a single interaction

20  with Mr. Lane while he [was] at Tesla where CelLink purportedly provided its trade secrets to Mr.

21  Lane."). CelLink counters that the FAC "plausibly alleges that Defendant Lane knew, or at the

22  very least had reason to know that CelLink's proprietary manufacturing processes were

23  confidential and constituted a trade secret based on his own interactions with CelLink." Opp. at

24  20. According to CelLink, the FAC alleges that "Defendant Lane attempted to obtain technical

25  information about CelLink's proprietary manufacturing processes" and "CelLink explained it

26  could not reveal certain technical information unless Tesla signed a nondisclosure agreement." *Id*.

27  at 21 (quoting FAC ¶ 6). CelLink argues that "when [it] later shared its confidential information

28  with Tesla after CelLink and Tesla eventually entered into an MNDA . . . Defendant Lane

1    . . . would have been keenly aware that CelLink's proprietary manufacturing processes were

2    confidential." *Id*. (emphasis added).

3            As explained above, *see supra* Section III.A., CelLink's FAC does not plausibly allege that

4    Mr. Lane had knowledge of CelLink's trade secrets.  The FAC repeatedly alleges that CelLink

5    shared confidential information with Tesla—not Mr. Lane.  *See, e.g.*, FAC ¶¶ 8 ("CelLink shared a

6    considerable amount of confidential and trade secret information with Tesla . . . ."), 9 ("CelLink

7    sent an e-mail to Tesla confirming that CelLink considered certain enumerated information . . . to

8    be CelLink's trade secrets."), 107 ("CelLink disclosed to Tesla a number of its most valuable trade

9    secrets."), 110 ("This knowledge . . . would not have been in the possession of Messrs. Lane and

10   Barton apart from [] CelLink's confidential disclosures to Tesla and during Mr. Barton's tour of []

11   CelLink's factory floor.").  These factual allegations, although sufficient to plead that CelLink

12   shared its alleged trade secrets with Tesla, are not sufficient to plead Mr. Lane had knowledge of

13   the alleged trade secrets.  *See Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 79 (N.D.

14   Cal. 2020) (finding plaintiff failed to adequately allege defendants' knowledge as plaintiff's

15   assertion was "devoid of any factual substantiation of [d]efendants' knowledge").  CelLink has not

16   sufficiently pled a claim for trade secret misappropriation against Mr. Lane.

**IV.    CONCLUSION**

18           The Court **GRANTS** Defendants' motion to dismiss.  Dkt. No. 121.  Despite these

19   pleading deficiencies, the Court cannot say at this stage that amending the complaint would be

20   futile.  CelLink may still be able to allege sufficient facts to state a claim.  *Lopez v. Smith*, 203

21   F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could

22   not possibly be cured by the allegation of other facts).  Count VI against Messrs. Lane and Barton

23   and Counts VII–IX against Manaflex are therefore dismissed with leave to amend.  The Clerk is

24   directed to terminate Defendants Robert Lane and Augusto Barton.  Any amended complaint must

25   be filed within 21 days of the date of this Order.

26           The Court further **SETS** case a case management conference on May 13, 2025, at 2:00

27   p.m.  The hearing will be held by Public Zoom Webinar.  All counsel, members of the public, and

28   media may access the webinar information at https://www.cand.uscourts.gov/hsg.  All attorneys

United States District Court
Northern District of California

and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities.  The parties are further **DIRECTED** to file a joint case management statement by May 6, 2025.

**IT IS SO ORDERED.**

Dated:    4/9/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge