UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLINK CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>MANAFLEX LLC,<br><br>    Defendant. | Case No. 23-cv-04231-HSG<br><br>**ORDER GRANTING DEFENDANT MANAFLEX LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Re: Dkt. No. 140 |

Pending before the Court is Defendant Manaflex LLC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Dkt. No. 140. Plaintiff CelLink, Corp. filed a declaration in support of sealing the materials. Dkt. 145. For the following reasons, the Court **GRANTS** Plaintiff's motion.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a document attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

1  court records exist when such 'court files might have become a vehicle for improper purposes,'
2  such as the use of records to gratify private spite, promote public scandal, circulate libelous
3  statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
4  U.S. 589, 598 (1978)).

However, documents attached to non-dispositive motions are not subject to the same strong presumption of access. *See id.* at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

## II.   DISCUSSION

Defendant's motion concerns a limited portion of its opposition to plaintiff's declaration in support of plaintiff's renewed administrative motion for leave to file under seal portions of the SAC. Dkt. Nos. 141, 140-3. Plaintiff designated the material referenced in Defendant's opposition and the SAC as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." Defendant attached the unredacted SAC to its opposition, and now submits portions of paragraphs 14–16, 22, 128, 136, and 144–145 for a determination as to whether that material qualifies for sealing. Dkt Nos. 138-3, 140-4. Plaintiff's counsel Andrea Levinson then submitted a declaration that explained that those materials disclose "information regarding CelLink's confidential and trade secret manufacturing processes for flexible circuits." Dkt No. 145 at 2. Ms. Levenson declares that the public disclosure of this material would cause irreparable damage to CelLink as competitors could gain an unfair advantage from accessing this information. She also describes that CelLink takes efforts to ensure that this material is not publicly disclosed and protects its unauthorized use. *Id.* at 3-5.

After Defendant filed its motion, the Court decided Plaintiff's motion seal the relevant

portions of the SAC. Dkt No. 146. The same reasoning applies here. For the benefit of a clear record, "[b]ecause the complaint is the pleading on which this action is based, the Court applies the 'compelling reasons' standard to the motion." Dkt. No. 137 at 2. In its motion to seal portions of the SAC, Plaintiff argued that certain paragraphs provide narrative descriptions and context for a reader that go beyond "merely parrot[ing] sections of published documents." Dkt. No. 138 at 4. According to Plaintiff, "[t]his identification of Plaintiff's most valuable secrets, not excerpts from a public document, is what Plaintiff seeks to file under seal here." *Id*.

The Court found—and finds again—that Plaintiff has satisfied the compelling reasons standard. Plaintiff seeks to protect its trade secrets, which Defendants allegedly misappropriated and disclosed in public documents, from further disclosure. Plaintiff has shown that the targeted sections of Paragraphs 14-16, 22, 128, 136, and 144–145 of the SAC reflect Plaintiff's confidential and trade secret information, which satisfies the compelling reasons standard and outweighs the public's interest in viewing the documents.

Defendant's opposition to the administrative motion to file documents under seal (Dkt. No. 141) was not filed in connection with a dispositive motion and thus only must meet the "good cause" standard for sealing. *Kamakana*, 447 F.3d at 1179–80. The material on Lines 13–19 of page 2 in the Defendant's opposition brief similarly contains sensitive trade secret information that Plaintiff has sought to protect and would cause Plaintiff economic harm if publicly disclosed. Plaintiff's declaration satisfies the good cause standard.

Accordingly, the Court **GRANTS** Defendant's motion (Dkt. No. 140).

**IT IS SO ORDERED.**

Dated: November 13, 2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge