Kenneth G. Parker (Cal. Bar No. 182911)
ken.parker@haynesboone.com
Jason T. Lao (Cal. Bar No. 288161)
jason.lao@haynesboone.com
Andrea Levenson (Cal. Bar No. 323926)
andrea.levenson@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

Brian C. Kwok (Cal. Bar No. 244309)
brian.kwok@haynesboone.com
HAYNES AND BOONE, LLP
1 Post Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 293-8916
Facsimile: (949) 202-3001

Daniel Lammie (Cal. Bar No. 345838)
daniel.lammie@haynesboone.com
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450

*Attorneys for Plaintiff CelLink Corp.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CELLINK CORP., | Case No. 4:23-cv-4231-HSG |
| Plaintiff, | **JOINT STIPULATION REGARDING EXTENSION OF CASE SCHEDULE; ORDER** |
| v. | |
| MANAFLEX LLC, a limited liability company; ROBERT C. LANE, an individual; and AUGUSTO E. BARTON, an individual, | **[CIVIL L.R. 6-1, 6-2]** |
| Defendant. | Hon. Haywood S. Gilliam, Jr. |

Pursuant to Local Civil Rules 6-1 and 6-2, Plaintiff CelLink Corporation ("CelLink") and Defendants Manaflex LLC ("Manaflex"), Robert Lane ("Lane"), and Augusto Barton ("Barton," together with Manaflex and Lane, "Defendants"), by and through their respective counsel, respectfully submit this Joint Stipulation to Extend the Case Schedule and state as follows:

WHEREAS, this Court entered the currently operative scheduling order as modified on November 13, 2025 (ECF No. 190);

WHEREAS, the parties jointly request that the Court extend the current fact discovery and expert discovery schedule by a brief two-week period, as set forth in detail below, to allow the parties to navigate certain discovery challenges and complete fact and expert discovery within the framework of the original schedule;

WHEREAS, the previous extensions of time in this case are as follows:

(1) a stipulated extension of time to respond to the complaint that was filed on September 11, 2023 and granted on September 12, 2023. Levenson Decl., ¶ 5.

(2) a stipulated extension of time for the Parties to file a Joint Case Management Statement and selecting an ADR process that was filed on November 7, 2023 and granted on November 8, 2023. *Id.*

(3) a stipulated extension of time to respond to counterclaims that was filed on November 27, 2023 and granted on November 28, 2023. *Id.*

(4) a stipulated extension of time to respond to counterclaims that was filed on June 12, 2024 and granted on June 12, 2024. *Id.*

(5) a stipulated request for an order modifying the Parties' briefing schedule related to Plaintiff's motion to dismiss Defendant's unfair competition counterclaim filed on July 17, 2024 and granted on July 18, 2024. *Id.*

(6) a stipulated request for an order modifying hearing schedule related to CelLink's Motion to File the First Amended Complaint filed on October 14, 2024 and granted on October 15, 2024. *Id.*

(7) a stipulated extension of time to respond to the First Amended Complaint that was filed on December 4, 2024 and granted on December 5, 2024. *Id.*

(8) a stipulated extension of time to respond to the First Amended Complaint that was filed on December 16, 2024 and granted on December 17, 2024. *Id.*

(9) a stipulated request to amend the Scheduling Order filed on February 21, 2025 and granted on February 25, 2025. *Id.*

(10) a stipulated extension of time to respond to the First Amended Complaint, filed on April 22, 2025 and granted on April 23, 2025. *Id.*

(11) the Court continued the claim construction hearing from September 19, 2025, to September 23, 2025. *Id.*

WHEREAS, this requested extension would not impact any other deadlines in this case, including the deadline for the close of expert discovery, dispositive motions, the pretrial conference date, or the currently scheduled trial date. *Id.*, ¶ 4.

**NOW THEREFORE**, subject to the Court's approval, it is hereby stipulated and agreed between the Parties, through their undersigned counsel, as follows:

1.      The Case Schedule be Amended as below:

| Case Event | Existing Schedule | Proposed Schedule |
|---|---|---|
| Final Infringement Contentions | 3/13/26 | 3/27/26 |
| Final Invalidity Contentions | 4/3/26 | 4/17/26 |
| **Close of Fact Discovery** | **4/10/26** | **4/24/26** |
| Patentee's Opening Expert Reports | 5/1/26 | 5/15/26 |
| Accused Infringer's Rebuttal/Opening Expert Reports | 5/22/26 | 6/5/26 |
| Patentee's Rebuttal Expert Reports | 6/12/26 | 6/19/26 |
| Close of Expert Discovery | 6/26/26 | No change |
| Dispositive/Daubert Motions Filed | 7/9/26 | No change |
| Oppositions to Dispositive/Daubert Motions | 7/30/26 | No change |
| Replies to Dispositive/Daubert Motions | 8/6/26 | No change |

| Final Hearing on Dispositive/Daubert Motions | 8/20/26 | No change |
|---|---|---|
| Pretrial Deadlines | 10/20/26–11/3/26 | No change |
| Pretrial Conference | 11/17/26 | No change |
| Jury Trial | 12/7/26 | No change |

Good cause exists to amend the schedule in this manner.  The Court entered an ESI Order as agreed between the parties on December 11, 2025.  Since then, the parties have propounded and responded to multiple sets of interrogatories and requests for production of documents, engaged in extensive meet-and-confer efforts to resolve discovery disputes without Court intervention, coordinated with third parties regarding document requests and deposition scheduling, and worked to develop and refine search terms for ESI collection and production.  *Id.*, ¶ 6.  Despite these efforts, the collection and production of ESI has encountered delays that have necessitated additional time beyond the current case schedule.  *Id.*  This case involves claims of patent infringement, trade secret misappropriation, and correction of inventorship, and the relevant ESI spans multiple years and involves highly technical documents related to proprietary manufacturing processes, circuit designs, and confidential business communications.  *Id.*  The sheer volume and technical complexity of this material has required substantial time to collect, process, review for privilege and responsiveness, and produce.  *Id.*  The parties have identified numerous custodians and data sources that contain potentially relevant ESI, and collecting data from these varied sources—including email servers, shared drives, cloud-based storage platforms, and legacy systems—has proven more time-consuming than initially anticipated.  *Id.*  The parties respectfully submit that the requested extension is reasonable and will not unduly delay the resolution of this matter.  The extension will allow the parties to complete discovery in a thorough and efficient manner, which will ultimately facilitate a more streamlined and effective resolution of the disputed issues.  *Id.*

For the foregoing reasons, the parties respectfully request that the Court approve this Joint Stipulation and enter an order extending the case schedule as set forth above.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

-4-

Dated:  March 4, 2026

By: */s/Andrea Levenson*
    Kenneth G. Parker (Cal. Bar No. 182911)
    ken.parker@haynesboone.com
    Jason T. Lao (Cal. Bar No. 288161)
    jason.lao@haynesboone.com
    Andrea Levenson (Cal. Bar No. 323926)
    andrea.levenson@haynesboone.com
    Haynes and Boone, LLP
    600 Anton Boulevard, Suite 700
    Costa Mesa, California 92626
    Telephone: (949) 202-3000
    Facsimile: (949) 202-3001

    Brian C. Kwok (Cal. Bar No. 244309)
    brian.kwok@haynesboone.com
    Haynes and Boone, LLP
    1 Post Street, Suite 2800
    San Francisco, California 94104
    Telephone: (415) 293-8916
    Facsimile: (949) 202-3001

    Daniel Lammie (Cal. Bar No. 345838)
    daniel.lammie@haynesboone.com
    Haynes and Boone, LLP
    112 East Pecan Street, Suite 2400
    San Antonio, Texas 78205
    Telephone: (210) 978-7000
    Facsimile: (210) 978-7450

    *Attorneys for Plaintiff CelLink Corp.*

By: */s/Tatiana Nikolaeva*
    BOIES SCHILLER FLEXNER LLP
    Alison L. Anderson (SBN 275334)
    alanderson@bsfllp.com
    Melissa K. Zonne (SBN 301581)
    mzonne@bsfllp.com
    Tatiana Nikolaeva (SBN 348519)
    tnikolaeva@bsfllp.com
    Michael Shloub (SBN 365835)
    mshloub@bsfllp.com
    2029 Century Park East, Suite 1520
    Los Angeles, CA 90067
    Telephone: (213) 629-9040
    Facsimile: (213) 629-9022

    Eric J. Maurer (Admitted pro hac vice)
    emaurer@bsfllp.com
    1401 New York Ave., NW
    Washington, DC 20005

Telephone: (202) 237-2727

*Attorneys for Defendant Manaflex LLC*

**ECF ATTESTATION**

I, Andrea Levenson, am the ECF User whose ID and password are being used to file this Joint Stipulation Regarding Extension of Case Schedule and [Proposed] Order. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Tatiana Nikolaeva, counsel for Defendants, has concurred in this filing.

DATED: March 4, 2026

*/s/Andrea Levenson*
Andrea Levenson

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

The Case Schedule is amended as below:

| Case Event | Existing Schedule | Proposed Schedule |
| --- | --- | --- |
| Final Infringement Contentions | 3/13/26 | 4/3/26 |
| Final Invalidity Contentions | 4/3/26 | 4/24/26 |
| **Close of Fact Discovery** | **4/10/26** | **5/1/26** |
| Patentee's Opening Expert Reports | 5/1/26 | 5/15/26 |
| Accused Infringer's Rebuttal/Opening Expert Reports | 5/22/26 | 5/29/26 |
| Patentee's Rebuttal Expert Reports | 6/12/26 | 6/12/26 |
| Close of Expert Discovery | 6/26/26 | 6/26/26 |
| Dispositive/Daubert Motions Filed | 7/9/26 | 7/9/26 |
| Oppositions to Dispositive/Daubert Motions | 7/30/26 | 7/30/26 |
| Replies to Dispositive/Daubert Motions | 8/6/26 | 8/6/26 |
| Final Hearing on Dispositive/Daubert Motions | 8/20/26 | 8/20/26 |
| Pretrial Deadlines | 10/20/26–11/3/26 | No change |
| Pretrial Conference | 11/17/26 | 11/17/26 |
| Jury Trial | 12/7/26 | 12/7/26 |

Dated: 3/4/2026

The Honorable Haywood S. Gilliam, Jr.
United States District Judge

JOINT STIPULATION REGARDING EXTENSION OF CASE SCHEDULE
CASE NO. 4:23-CV-4231-HSG