United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CELLINK CORP., | Case No. 23-cv-04231-HSG (LB) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| MANAFLEX LLC, et al., | |
| Defendants. | Re: ECF No. 317 |

**INTRODUCTION**

CelLink seeks leave under Civil Local Rule 7-9(b)(1) to file a motion for reconsideration of the court's May 25, 2026, order denying its motion to compel the depositions of Simon Qin and Di Zhang by Rule 30(b)(1) notice.[1] In the order, the court held that because CelLink had not shown that Mr. Qin and Ms. Zhang are managing agents of Manaflex, their testimony can be secured only by a subpoena.[2] In the alternative, CelLink asks the court to construe the present motion as a renewed motion to compel, and it asks the court to revisit its previous request that Manaflex be ordered to disclaim use of Mr. Qin and Ms. Zhang at trial, which the court denied without

---

[1] Mot. – ECF No. 317; Order – ECF No. 314. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 314 at 5–6.

ORDER – No. 23-cv-04231-HSG (LB)

prejudice. CelLink expands on this request to ask that the court order Manaflex to disclaim use of both witnesses at trial and to support any dispositive motion.[3] Manaflex opposes the motion.[4]

CelLink contends that reconsideration is warranted under Civil L.R. 7-9(b)(1) based on the depositions of two Manaflex witnesses, Alan Liao and Robert Lane. Both witnesses were deposed after briefing on the motion to compel was submitted and before the court issued its ruling on May 26, 2026. CelLink contends that their deposition testimony is a material difference in fact and that CelLink could not have provided the court with the deposition testimony before the May 25, 2026, order was issued.[5]

Manaflex contends that the motion should be denied for three reasons: (1) CelLink knew of the deposition testimony before the court issued its May 25 order; (2) CelLink does not show that the deposition testimony offers any new facts that would justify reconsideration; and (3) CelLink improperly raises new arguments that were available at the time of its original motion to compel.[6]

The court can decide the motion without a hearing and denies the motion for the reasons advanced by Manaflex. Civil L.R. 7-1(b) & 7-9(d). The court denies CelLink's request to construe the present motion as a renewed motion to compel. CelLink has not established that Mr. Qin or Ms. Zhang are Manaflex's managing agents subject to Rule 30(b)(1) notice. CelLink alternatively asks that the court order Manaflex to disclaim use of Mr. Qin or Ms. Zhang at trial or in support of any dispositive motion is denied without prejudice. If Manaflex elects to call either, CelLink may seek relief via a motion in limine, discovery letter, or motion to strike.

**STATEMENT**

The May 25, 2026, order synopsizes the facts and is incorporated into this analysis.[7]

---

[3] Mot. – ECF No. 318-3 at 5 n.4, 11; *see also* Order – ECF No. 314 at 2. CelLink filed its motion under seal. Mot. – ECF No. 317. Citations are to CelLink's redacted motion at ECF No. 318-3, filed with its Administrative Motion for Leave to File Under Seal – ECF No. 318.

[4] Opp'n – ECF No. 322.

[5] Mot. – ECF No. 318-3 at 4–5.

[6] Opp'n – ECF No. 322 at 2 & n.2.

[7] Order – ECF No. 314 at 2–4.

United States District Court
Northern District of California

United States District Court
Northern District of California

Relevant to this motion, on April 27, 2026, CelLink filed its motion to compel the depositions of Simon Qin and Di Zhang by a Rule 30(b)(1) notice.[8] While the motion was pending, CelLink deposed two Manaflex witnesses, Alan Liao, Manaflex's former Chief Operating Officer, and Robert Lane, Manaflex's Chief Executive Officer.[9] CelLink deposed Mr. Liao on May 7, 2026, and Mr. Lane on May 18–19, 2026.[10] CelLink received the official transcript of Mr. Liao's deposition on May 21, 2026, and the official transcripts of Mr. Lane's deposition on May 29 and June 4, 2026.[11]

On May 25, 2026 — five weeks after Mr. Liao's deposition and six days after Mr. Lane's deposition — the court denied CelLink's motion to compel.[12] CelLink filed the current motion two weeks later.[13]

## LEGAL STANDARD

A party must seek permission from the court before filing a motion for reconsideration. Civil L.R. 7-9(a). In seeking permission from the court, the moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

---

[8] Disc. Letter Br. – ECF No. 291.

[9] Mot. – ECF No. 318-3 at 5 n.2; Opp'n – ECF No. 322 at 3 n.3.

[10] Mot. – ECF No. 318-3 at 5 n.2.

[11] *Id.*

[12] Order – ECF No. 314.

[13] Mot. – ECF No. 317.

manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (cleaned up). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R. 7-9(c). The court can decide a motion for leave to file a motion for reconsideration without a hearing. Civil L.R. 7-9(d).

## ANALYSIS

CelLink does not make the requisite showing under Civil Local Rule 7-9 to justify granting its request for leave to seek reconsideration of the court's May 25, 2026, order. Its arguments fall short on three grounds.

### 1. CelLink was Aware of the new Deposition Testimony

First, CelLink has failed to show that it could not, in the exercise of reasonable diligence, have presented the new deposition testimony to the court before its May 26, 2026, order. This is sufficient to deny the motion. Civil L. R. 7-9(b)(1) ("The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order . . . .").

As CelLink concedes, Civil Local Rule 7-9(b)(1) concerns whether the moving party knew of the material difference in fact at the time of the interlocutory order.[14] CelLink did. Mr. Liao was deposed on May 7, 2026, over two weeks before the court's May 25 ruling, and Mr. Lane's deposition concluded on May 19, six days before the order was issued.[15] Thus, ahead of the court's ruling, CelLink was aware of the substance of both witnesses' testimony; its counsel took the depositions and heard the testimony in real time. The timing of when CelLink received the official transcripts of Messrs. Liao's and Lane's depositions is irrelevant to the analysis under

---

[14] Mot. – ECF No. 318-3 at 5.

[15] *Id.* at 5 n.2; Opp'n – ECF No. 322 at 2 n.2.

United States District Court
Northern District of California

Civil Local Rule 7-9(b)(1).[16] What matters is that CelLink's counsel knew the substance of the new deposition testimony before the court's order was rendered, and CelLink failed to timely bring that testimony to the court's attention.

CelLink argues that it "lacked a proper procedural vehicle to quickly bring" Messrs. Liao's and Lane's testimony to the court's attention.[17] But the standing order does not preclude a party from notifying the court of a material development related to a pending issue. CelLink provides no good reason why it could not have identified the new deposition testimony before the May 2026 order.

## 2.   The new Deposition Testimony does not Materially Change the Record

An additional basis for denial is that CelLink has not shown that the new deposition testimony from Messrs. Liao and Lane materially changes the record. Civil L.R. 7-9(b)(1).

In its May 25, 2026, order, the court identified gaps in the record that precluded a finding that Mr. Qin or Ms. Zhang are managing agents of Manaflex. Applying the four factors used by courts to determine if a proposed witness is a managing agent, the court found the record insufficient to establish (1) whether the labels "key contact," "core team member," and "Facility Manager" reflect the exercise of judgment and discretion for Manaflex, rather than Taicang, (2) whether Mr. Qin and Ms. Zhang can be relied on to give testimony for Manaflex, (3) whether other deponents have higher authority than Mr. Qin and Ms. Zhang, and (4) Mr. Qin's and Ms. Zhang's general responsibilities.[18] The deposition testimony that CelLink cites does not fill the gaps for either witness, considering the four managing-agent factors in turn.

---

[16] Mot. – ECF No. 318-3 at 5 & n.2, 11. Unofficial deposition transcripts are generally made available within a few days of a deposition, if not within twenty-four hours.

[17] *Id.* at 11; *see also id.* at 5 n.3.

[18] Order – ECF No. 314 at 4–8 (applying four-factor analysis and citing *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR (DMR), 2015 WL 5440789, at *5 (N.D. Cal. Sep. 15, 2015)).

United States District Court
Northern District of California

United States District Court
Northern District of California

### 2.1    Judgment and Discretion in Corporate Matters

Beginning with Mr. Qin, CelLink argues that the new deposition testimony shows that Mr. Qin exercised judgment and discretion over Manaflex's production and manufacturing in Taicang, China. CelLink relies on testimony from Mr. Liao that describes Mr. Qin as (1) the operations manager at Manaflex's production facility in Taicang, (2) the "key guy" amongst Manaflex's Chinese employees, and (3) having initially set up the Taicang facility with Mr. Liao. CelLink also cites Mr. Liao's testimony that Mr. Qin was later "asked" by Mr. Lane "to design the cost and equipment" for Manaflex with Mr. Lane.[19]

This new testimony does not show that Mr. Qin exercises judgment and discretion over Manaflex's production and manufacturing. As Manaflex points out, the surrounding transcript to CelLink's selected testimony from Mr. Liao clarifies that Mr. Qin's role is largely operational, not technical. When asked whether Mr. Qin was "a technical guy," Mr. Liao testified: "I cannot even say he's technical guy. I would say he's more operation guy."[20] Mr. Liao also explained that when Mr. Qin set up the Taicang facility, this involved working on "safety" and "where is the inventory, like a stock area, warehouse, like this kind of things."[21] And CelLink's representation about Mr. Qin's role in developing Manaflex's equipment is an overstatement of Mr. Liao's actual testimony. Manaflex offers additional testimony from Mr. Liao explaining that Mr. Lane designed the equipment with the help of "a lot of guy under him," including Mr. Qin.[22] That Mr. Qin was one of "a lot of guy[s]" under Mr. Lane does not show where Mr. Qin sits in the corporate hierarchy. CelLink's counsel did not ask Mr. Liao any other questions about Mr. Qin's responsibilities or authority that would establish he had judgment or discretion over Manaflex's production and manufacturing.[23] And CelLink's citations to testimony from Mr. Lane — allegedly

[19] Mot. – ECF No. 318-3 at 7.

[20] Opp'n – ECF No. 322 at 5.

[21] Id.

[22] Id.

[23] See generally Liao Dep. Tr. – ECF No. 318-4.

ORDER – No. 23-cv-04231-HSG (LB)                6

showing that Mr. Lane is "based in the U.S. and only visits the Taicang facility on occasion" — are similarly unilluminating as to Mr. Qin's authority.[24]

Some of the testimony CelLink relies on suffers from the deficiencies identified in the court's May 25, 2026, order. Mr. Liao's testimony that Mr. Qin is a "key guy" amongst Manaflex's Chinese employees does not inform the analysis of whether Mr. Qin exercised judgment or discretion over Manaflex's corporate matters.[25] The surrounding transcript shows that CelLink's counsel did not ask Mr. Liao to explain what made Mr. Qin "key" or ask what he meant by the term.[26] Without such context, the new deposition testimony does not support that Mr. Qin exercised any judgment or discretion over Manaflex's production and manufacturing.

Turning to Ms. Zhang, the new deposition testimony about her is minimal. CelLink cites testimony from Mr. Lane establishing only that Ms. Zhang is a quality engineer who is one of three members of Manaflex's "quality team."[27] Mr. Lane testified that the quality team developed a control plan related to the production of one of Manaflex's accused products, but Mr. Lane did not represent that Ms. Zhang was responsible for or otherwise exercised discretion over that control plan as compared to her two teammates.[28] Mr. Liao's testimony offers more detail on Ms. Zhang's responsibilities, but still does establish her authority or discretion. Mr. Liao explained that Ms. Zhang's role is to "[m]ake sure parts quality is good" and "make sure the products match customer drawing."[29] This description of Ms. Zhang's responsibilities does not show she exercised any judgment or authority over product manufacturing and development, nor does it establish Ms. Zhang's role in the corporate hierarchy.

## 2.2    Whether the Witnesses can be Relied on to give Testimony

On whether Mr. Qin and Ms. Zhang can be relied on to give testimony for Manaflex, CelLink

---

[24] Mot. – ECF No. 318-3 at 7.

[25] *Id.*

[26] *See generally* Liao Dep. Tr. – ECF No. 318-4 at 18–19 (67:1–68:25).

[27] Mot. – ECF No. 318-3 at 7.

[28] *Id.* at 7–8; Opp'n – ECF No. 322 at 3–4.

[29] Opp'n – ECF No. 322 at 3.

United States District Court
Northern District of California

asserts a legal argument that it failed to raise in the parties' original briefing.[30] As discussed in Section 3, below, this argument is barred.

### 2.3    Whether Other Deponents have Higher Authority than the Witnesses

On whether witnesses with higher authority are available, CelLink largely relies on new testimony from Mr. Liao that Mr. Qin "would know more than me because [Mr. Qin] is in the field."[31] Superficially, this testimony seems to suggest that Mr. Qin has superior knowledge about technical processes related to the current action than current Manaflex witnesses, including Mr. Lane. But the surrounding transcript shows that Mr. Liao was only comparing his own knowledge of technical matters to Mr. Qin's. Immediately before identifying Mr. Qin, Mr. Liao was asked by CelLink's counsel "[w]ho would know the answer to this the most;" in response, Mr. Liao identified Mr. Lane. Only when CelLink's counsel then asked "who," besides Mr. Lane, "would know exactly how this process works" did Mr. Liao identify Mr. Qin.[32] This testimony establishes that Mr. Qin has more knowledge about Manaflex's technical processes than Mr. Liao, Manaflex's former Chief Operating Officer (a non-technical role). It does not establish that Mr. Qin possesses technical knowledge superior to that of the witnesses CelLink has already deposed, including Mr. Lane.

The other testimony CelLink relies on does not support that Mr. Qin or Ms. Zhang possess any superior knowledge to Messrs. Liao or Lane on relevant topics to this action. CelLink cites testimony that, it claims, shows Mr. Lane "did not prepare certain process diagrams" related to Manaflex's production and manufacturing, "could not read the Chinese content of specific process documents (including those produced by Taicang)," and used an "AI tool to create an English process diagram" that had mistakes.[33] These facts do not establish that Mr. Qin or Ms. Zhang have more knowledge on these topics than Mr. Lane, and for some of the identified topics, Mr. Lane's testimony affirmatively shows otherwise. For example, Mr. Lane identified four potential authors of

---

[30] Mot. – ECF No. 318-3 at 5, 8–9; Disc. Letter Br. – ECF No. 291.

[31] Mot. – ECF No. 318-3 at 9.

[32] Opp'n – ECF No. 322 at 6–7.

[33] Mot. – ECF No. 318-3 at 9.

United States District Court
Northern District of California

one of the Chinese process documents; Mr. Qin and Ms. Zhang were not among them.[34]

CelLink identifies one instance in Mr. Lane's testimony where he testified to having a "vague" recollection about a particular process step.[35] But the surrounding transcript shows that CelLink's counsel did not ask Mr. Lane whether another person would have greater knowledge on the topic, and CelLink offers no testimony supporting that Mr. Qin, Ms. Zhang, or any Manaflex employee has more knowledge of this particular process step than Mr. Lane.[36] CelLink also argues that Mr. Qin and Ms. Zhang "are likely to have answers" that Messrs. Liao and Lane do not because Mr. Qin and Ms. Zhang are both located in Taicang, China.[37] CelLink offers no new testimony supporting that conclusion other than Mr. Liao's testimony that Mr. Qin is a "key" amongst Manaflex's Chinese employees — a label that, as discussed above, does not establish Mr. Qin's discretion over or knowledge of Manaflex's production and manufacturing.[38]

### 2.4    The witnesses' General Responsibilities

The fourth factor considers Mr. Qin's and Ms. Zhang's general responsibilities related to the matters in litigation. CelLink argues that the new deposition testimony establishes that Mr. Qin and Ms. Zhang worked on Manaflex's equipment and would likely offer "unique testimonies with respect to questions that Messrs. Lane and Liao cannot answer," including questions about Taicang's Chinese documents and technical processes.[39] As discussed in the above sections, the new deposition testimony does not support these conclusions.[40]

The new deposition testimony does not constitute a material difference from the prior record, where the court determined that Mr. Qin and Ms. Zhang were not Manaflex's managing agents.

---

[34] Opp'n – ECF No. 322 at 7.

[35] Mot. – ECF No. 318-3 at 9.

[36] *See generally* Lane Dep. Tr. (May 19, 2026) – ECF No. 318-6 at 15–18 (69:1–73:25).

[37] Mot. – ECF No. 318-3 at 9.

[38] *Id.* at 9–10.

[39] *Id.* at 10.

[40] *See supra* Sections 2.1, 2.3.

Because CelLink has not made the required showing under Civil Local Rule 7-9(b)(1), its motion for leave is denied.

### 3. CelLink Cannot Raise Arguments that were Available Previously

CelLink raises two arguments that it did not raise in the prior briefing. "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1163 (N.D. Cal. 2019) (cleaned up) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

In response to CelLink's motion to compel, Manaflex raised two issues (and CelLink did not respond): (1) Mr. Qin and Ms. Zhang are employed by Manaflex's Chinese subsidiary, Taicang Manaflex Technology Co., Ltd., rather than Manaflex; and (2) even if Mr. Qin and Ms. Zhang were managing agents, Manaflex cannot compel their depositions because Chinese law restricts their ability to be deposed.[41] The May 25, 2026, order flagged that CelLink did not address either point.[42] Now, in the current motion, CelLink responds to these issues for the first time, arguing that (1) Mr. Qin and Ms. Zhang may be deposed without legal reprisal in China by traveling to a jurisdiction where their depositions are permitted, and (2) the witnesses' employment by Taicang is "not dispositive" of the managing agent inquiry.[43] Both arguments were available to CelLink at the time of the original letter brief. Neither argument relies on new evidence or law, and CelLink relies on case law that predates the court's discovery order.[44] CelLink cannot belatedly raise these arguments now via a motion for reconsideration, which is not the proper vehicle to raise them. *Marlyn Nutraceuticals*, 571 F.3d at 880. It might be a better choice if the parties can work out depositions.

---

[41] Disc. Letter Br. – ECF No. 291 at 6–7.

[42] Order – ECF No. 314 at 7 ("CelLink does not address the corporate structure of the two companies or Manaflex's inability to produce the witnesses.").

[43] Mot. – ECF No 318-3 at 8–9.

[44] *See id.*

### 4. Use of Mr. Qin and Ms. Zhang at Trial and in Dispositive Motion Practice

The May 25, 2026, order denied without prejudice CelLink's request to order Manaflex to disclaim use of Mr. Qin and Ms. Zhang at trial, holding that discovery was ongoing and the request was premature. The order held that if Manaflex elects to call either witness at trial without first making the witness available for deposition, CelLink may seek relief "by way of an appropriate motion in limine or discovery motion." [45]

In the current motion, CelLink asks the court to order Manaflex to disclaim use of Mr. Qin and Ms. Zhang at trial or in support of any dispositive motion. It argues that the request is justified by the case schedule, with the dispositive motion deadline approaching on July 16, 2026.[46] In response, Manaflex contends that the request is not proper because the court "expressly tied any such request for relief to Manaflex's decision to call those witnesses at trial, not to the close of discovery."[47]

Again, the court declines CelLink's request without prejudice. As before, discovery is ongoing. It is too early to require Manaflex to disclaim use of Mr. Qin and Ms. Zhang at trial or in dispositive-motion practice.[48] If Manaflex elects to call Mr. Qin or Ms. Zhang at trial without first offering the witnesses for deposition, CelLink may seek relief via a motion in limine or discovery motion. And if Manaflex relies on Mr. Qin or Ms. Zhang in support of its dispositive motions, CelLink may seek relief with the court via a motion to strike.

[45] Order – ECF No. 314 at 2.

[46] Mot. – ECF No. 318-3 at 4.

[47] Opp'n – ECF No. 322 at 2.

[48] Order – ECF No. 314 at 2.

United States District Court
Northern District of California

## CONCLUSION

CelLink's motion for leave to file a motion for reconsideration is denied. Civil L.R. 7-9(b)(1). Its request for an order to Manaflex to disclaim use of Mr. Qin or Ms. Zhang at trial or in support of a motion is denied without prejudice. Manaflex can seek relief via a motion in limine or other motion if Manaflex elects to call either witness at trial or in support of its dispositive motions.

This disposes of ECF No. 317.

**IT IS SO ORDERED.**

Dated: June 30, 2026

LAUREL BEELER
United States Magistrate Judge